IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony Leroy Patrick, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | ) No. 14 C 5414 ) ) Judge Virginia M. Kendall |
| Keith T. Fuelling, et al., | ) ) |
|     *Defendants.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Leroy Patrick brings his Third Amended Complaint ("TAC") alleging various claims under 42 U.S.C. § 1983 and Illinois state law. In his suit, Patrick names Keith T. Fuelling, Jeremy Sikorski, Anthony J. Martin, David Salazar, Vidal Vasquez, Paul S. Galiardo, Dewilda Gordon, Thomas A. Taglioli, Patrick J. Golden, Kevin M. White, Michael J. O'Connor, Scott E. Reiff, Nichelle R. Harris, Juan Hernandez, Peter Torres, Ronald P. Dybas, Shawn D. McGavock, Richard E. Moravec, Robert Myers, Raymond M. Doherty, Kelvin Williams, Robert Distasio, Robert Arteaga, Jr. (collectively, "Defendant Officers"), and the City of Chicago as defendants. Defendants move to dismiss Patrick's Third Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss is granted.

## BACKGROUND

The following factual allegations are taken from Patrick's Third Amended Complaint (Dkt. 120) and are presumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

On June 15, 2013, certain Defendant Officers appeared at 7359 S. Maplewood, Patrick's residence owned by Patrick's mother. Patrick was inside and heard banging at the front door and saw three police officers on the porch and other officers creating a circumference around the front of the house. (TAC ¶¶ 12-13). When he opened the front door, officers shoved Patrick to the ground inside the entryway to the house and handcuffed him. Officer Sikorski yelled at Patrick that he would tear apart the home if Patrick did not tell them where the gun was. Patrick told them there was a gun in a safe in the basement. (TAC ¶ 15-17). Patrick opened the safe at Officer Sikorski's instruction and Officer Sikorski subsequently took items, including guns and ammunition, from the safe. (TAC ¶¶ 18-20). The officers did not have a search or arrest warrant. After the search, Officer Vasquez lied to Plaintiff's mother and told her she had to sign a paper so that seized property could be returned to her. (TAC ¶¶ 21-25).

### Procedural History

Patrick filed a civil action on July 15, 2014, naming the Chicago Police Department, David Salazar, David Montes, and the City of Chicago as defendants. (Dkt. 1 at 2). Patrick alleged in the Complaint defendants violated his constitutional rights by entering his home and arresting him without probable cause, a warrant, or exigent circumstances and failing to afford him a preliminary hearing within 48 hours of his arrest. (*Id*. at 20–21). This Court dismissed Patrick's initial Complaint without prejudice for failure to include the date of his arrest. (Dkt. 6 at 2).

Patrick filed a First Amended Complaint on October 16, 2014, which named Fuelling, Sikorski, Vasquez, Martin, Gordon, and Galiardo as defendants and omitted Salazar. (Dkt. 15). In the First Amended Complaint, Patrick alleged defendants violated his constitutional rights by entering his home and arresting him without a warrant, probable cause, or exigent circumstances. (*Id*. at 23–27). On March 5, 2015, this Court stayed Patrick's case pending the resolution of his underlying criminal case in *People v. Patrick*, No. 13 CR 12650-01 in the Circuit Court of Cook County, Illinois. (Dkt. 37). The case was reinstated on January 7, 2019, upon Patrick's guilty plea and release from custody. (Dkt. 92). Patrick filed the Second Amended Complaint on March 6, 2020. (Dkt. 120). The Court dismissed the Second Amended Complaint on March 5, 2021 (Dkt. 184). The Court permitted Patrick to file a Third Amended Complaint that comported with its Opinion if he was able to do so.

Prior to filing the present case before the Court, Patrick also challenged his arrest in another case pending before Judge Andrea Wood in November 2013. *Patrick v. Cook County Department of Corrections, et. al., 13-cv-8352*. In that case, Plaintiff claimed he was detained without probable cause by Cook County for charges arising out of his June 15, 2013 arrest. Plaintiff claimed he was held "under false pretenses . . . on the charge of attempt[ed] murder, when the evidence shows a clear case of self-defense." *See Patrick*, 13-cv-8352, ECF No. 5 at p. 1. On initial review, Judge Wood found Plaintiff's case could not proceed, noting Plaintiff pled himself out of court by admitting to discharging a firearm at another individual, stating this fact alone was sufficient for probable cause for Plaintiff's arrest. *See id.*, pp. 3-5. Judge Wood further held that his malicious prosecution claim failed for the same reason. This finding estops Plaintiff from arguing the absence of probable cause as this Court ruled in its previous order when dismissing Count I with prejudice. ECF No. 184, at pp. 7-9.

Patrick filed the operative TAC on May 17, 2021, alleging 11 counts pursuant to § 1983 and Illinois state law against the same defendants named in the Second Amended Complaint. Defendants moved to dismiss.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Essentially, the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

## DISCUSSION

As an initial matter, Patrick was given leave to file a Third Amended Complaint if it could comport with the Court's ruling dismissing his Second Amended Complaint. Patrick's filing

however fails to cure any defects from his SAC. This Court dismissed Counts III- XI without prejudice because pursuant to *Heck*, such claims would not accrue until Plaintiff's conviction was set aside. ECF No. 184, fn. 2. Therefore, the only way Plaintiff could cure any defect in his SAC, would be to show that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). None of these allegations have been made and his newest complaint mirrors the allegations in his previous two complaints and in the complaint dismissed by Judge Wood.

I.       **Count I: Section 1983 Unlawful Search and Seizure**

This Court's March 5, 2021, order dismissing Patrick's Second Amended Complaint was clear: "By filing multiple lawsuits arising out of his June 15, 2013 arrest involving identical legal issues, Patrick risked judgement in one precluding the other." Patrick's claim for an unlawful search and seizure was thus dismissed with prejudice. *See* Dkt. 194 at 8-9 ("Patrick's § 1983 claim as to unlawful search and seizure is precluded by federal common law. Count I is collaterally estopped and dismissed with prejudice.") The TAC, however, includes a claim for unlawful search and seizure in very similar language (challenging the same underlying events) to the claim in the Second Amended Complaint. In support, the TAC includes a single footnote:

> In Memorandum Opinion and Order entered by the Court on March 5, 2021 (Dkt. 184), Count I of Plaintiff's Second Amended Complaint ("SAC") titled "Unlawful Search and Seizure" was dismissed with prejudice, the Court ruling that Count I as alleged in the SAC is collaterally estopped by a ruling made by Judge Andrea Wood in Case No. 13- cv-08552 ("Wood Ruling"). In the Wood Ruling, a complaint construed by the Court as a claim for "false arrest" was dismissed during review of an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(e)(2)(B). Count I as alleged here in this Third Amended Complaint ("TAC') is not a re-pleading of a "false arrest" claim, but one for unlawful warrantless search of Plaintiff's home and seizure of personal property. Plaintiff expressly preserves and does not waive any error in the dismissal of Count I of the SAC, and notes

that consideration was not given in the Wood Ruling or in the dismissal of Count I of the SAC to a warrantless arrest that took place inside of the arrestee's home.

(Dkt. 200, TAC at 3, n.1). A comparison of Count I in the Second Amended Complaint and Count I in the TAC reveal that it is the same Count, with only small differences in the presentation of the underlying facts. Both counts address Plaintiff's allegations that the search and seizure conducted on June 15, 2013, was unlawful. *Compare* Dkt. 120 ¶¶ 1-59 *with* Dkt. 200 ¶¶ 9-30. When a claim is dismissed with prejudice, a plaintiff is foreclosed from filing a suit again on the same claim. Yet that is exactly what Patrick has done here by repleading his claim for unlawful search and seizure. Count I was dismissed with prejudice in the Court's prior order (Dkt. 184) and cannot be repleaded in the TAC – even with a footnote recasting the claim and expressing disagreement with the Court's prior order. There are mechanisms for litigants in the Federal Rules of Civil Procedure for reconsideration of a prior ruling, but open disregard of the Court's order and repleading of a claim dismissed with prejudice is not one of those procedures.[1] Count I is dismissed with prejudice.

## II.    Count II: Section 1983 Unlawful Pretrial Detention

Plaintiff's Section 1983 claim for unlawful pretrial detention, pled for the first time in the TAC, makes two allegations: first, that he was not afforded a timely judicial determination of probable cause, as the defendants "deprived Plaintiff of his constitutional right to a prompt and fair judicial determination of probable cause." (TAC at ¶¶ 33-34) and second, that Plaintiff was "detained for over five years trying to expedite a trial." (TAC at ¶¶ 43-45). Both of these issues, Plaintiff argues, caused his unlawful detention.

As the Court explained in its prior opinion, the *Heck* doctrine ensures against civil collateral

---

[1] Plaintiff's only substantive argument is that collateral estoppel based on Judge Wood's prior ruling should not preclude Count I of the TAC. The Court will not entertain what is essentially a motion to reconsider shoehorned into Plaintiff's brief on a motion to dismiss.

attacks against outstanding criminal judgments. Dkt. 184 at 13, citing *Heck v. Humphrey*, 512 U.S. 477 (1994). Patrick cannot bring §1983 claims which "necessarily imply the invalidity of [the] conviction or sentence" until he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87. Even if Patrick disclaimed any intention of challenging his criminal conviction, *Heck* precludes any § 1983 claim "based on allegations that, if true, would be inconsistent with a valid conviction." *Mack v. City of Chicago*, 723 Fed. Appx. 374, 376 (7th Cir. 2018) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

Despite his arguments to the contrary, this new claim still clearly implicates Plaintiff's guilty plea and conviction so as to be precluded by *Heck*. In his underlying criminal case, Plaintiff pled guilty to one count of aggravated battery with a firearm. *See* TAC ¶48, Resp at 2; *see also* Dkt. 88 at 1, Dkt. 120 ¶51, Dkt. 213, Ex. 2 (*People v. Anthony Patrick*, 13-CR-1265001, Certified Statement of Conviction/Disposition). He was sentenced by a state court.[2] Plaintiff does not dispute these facts: he writes in his response that he "pled guilty to one count for discharging a weapon …with the sentence being five years to cover the time he had already served awaiting trial." Resp. at 2. Challenging the detention that was ultimately credited to his sentence for the gun charge turns this claim into exactly the type of collateral attack proscribed by *Heck*. Plaintiff, despite arguing to the contrary, continues to allege both in his complaint and in his response to this Motion that his plea was coerced and that his sentence, *i.e.,* the time served for the charge he pled

---

[2] Those proceedings are relevant to this matter and are therefore the proper subject of judicial notice. *Opoka v. I.N.S.*, 94 F.3d 392, 394–95 (7th Cir. 1996); *see also In the Matter of Lisse*, 905 F.3d 495, 496-7 (7th Cir. 2018) (state court orders are public records appropriate for judicial notice). The Court thus can properly consider judicially noticeable facts contained in public court documents without converting the instant motion to one for summary judgment. *See White v. Keeley*, 814 F.3d 883, n.2 (7th Cir. 2016) ("We may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6).")

guilty to, was unlawful. *See* TAC ¶¶ 43, Resp. at 2 ("He was forced to remain in jail for over five years defending against these unwarranted charges.") His claim for unlawful pretrial detention specifically alleges that he was "detained for over five years trying to expedite a trial." (TAC ¶ 43). Taking the allegations in the Complaint as true, as the Court does at this stage, these allegations "necessarily implicate" the invalidity of his sentence because he cannot simultaneously have been unlawfully detained and have served that time for a valid guilty plea.[3] Count II is barred by *Heck* and dismissed without prejudice.[4]

### III. Count III: Section 1983 Due Process

In dismissing the Second Amended Complaint, the Court previously found that the *Heck* doctrine barred Patrick's due process claim because it "baldly attack[ed] the validity of Patrick's conviction." Dkt. 184 at 15. Patrick now argues that his due process claim is not related to his conviction, as was previously alleged, but only to the other charges that were dismissed *nolle prosequi* at the time he pled guilty to one count of aggravated discharge of a weapon. In particular, he alleges that there was a due process violation related to the taking of personal property (TAC ¶¶26, 28), and misrepresentation of evidence and withholding of exculpatory evidence "as to the most serious attempted murder charges" (TAC ¶49, Resp. at 9) that he claims led to a bail amount that was not commensurate with "the legitimate charges lodged against him." (TAC ¶43).

---

[3] While not challenged by Defendants, Patrick also likely does not have standing to maintain his claim for unlawful pretrial detention because he has no redressable injury. The Seventh Circuit has held that "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017); *see also Bridewell v. Eberle*, 730 F.3d 672, 675 (7th Cir. 2013) ("Bridewell cannot receive damages for time spent in custody on a valid sentence."); *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013) ("[A]ny presumption of damages is surely defeated in a case where all of the time served is ultimately credited toward an unrelated weapons violation.").

[4] "A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) (citing *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) and *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014)).

Patrick cannot have it both ways. On its face, his due process claim implicates *Heck*. He alleges in the TAC that "[o]n the eve of trial, Plaintiff was presented with a plea deal in which he could plead guilty to one count of aggravated discharge of a weapon and walk away with no more jail time." (TAC ¶ 48). He further alleges that he "felt he had no other choice but to accept a plea deal in which he could guarantee no more jail time." (*Id.* ¶50). Even the specific due process allegations clearly implicate *Heck*, because Plaintiff claims he should not have been held on a high bond. (TAC ¶ 43). By making that claim, Plaintiff is challenging his detention—and consistent with his claim for unlawful pretrial detention, he cannot challenge his detention without implicating his sentence of time served for a valid guilty plea. *See infra*, Discussion Part II.

To the extent Patrick insists that this claim *is not* barred by *Heck*, it still would fail. In fact, in his effort to plead around *Heck*, Patrick's due process allegations fall headfirst into another issue: that he was never convicted on any of the charges he claims are the basis for his alleged due process violations. *See* TAC ¶¶ 47-49, Resp. at 2, 9. The Fourth Amendment, not the Due Process clause, is the source of a right for unlawful pretrial detention. *Lewis v. City of Chicago,* 914 F.3d 472, 479 (7th Cir. 2019).

In *Manuel v. City of Joliet* ("Manuel I"), the Supreme Court held "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Manuel I*, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017). A line was thus drawn: the Fourth Amendment "always has been thought to define the appropriate process for seizures of persons ... in criminal cases, including the detention of suspects pending trial" while "[o]nce a trial has occurred, the Fourth Amendment drops out: [a] person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel I* at 917, 920 n.8; *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019);


*Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019); *Young v. City of Chicago*, 987 F.3d 641, 645 (7th Cir. 2021); *Kuri v. City of Chicago*, 990 F.3d 573, 575 ("*Manuel* held the Fourth Amendment supplies the basis for a claim until the suspect is either convicted or acquitted.")

Allegations of fabrication, misrepresentation, or withholding of evidence pre-trial, even taken as true, do not violate due process in this case because Patrick was never convicted on thee counts he claims were bolstered and/or otherwise improperly charged. He alleges, and the record supports, that those counts were dismissed *nolle prosequi.* In short, there was no conviction. While a due process violation can exist if a police offer manufactures false evidence (as alleged by Plaintiff here), this is only true *if* that evidence is later used to deprive the defendant of his liberty in some way. *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012)(needs a parenthetical). Even assuming that Plaintiff is not challenging his guilty plea and sentence of time served (as he must, to weave around a claim barred by *Heck*), there can be no due process violation because there was no other deprivation of liberty that sounds in the Fourteenth Amendment. *See Garcia v. City of Chicago, Ill.*, 24 F.3d 966 (finding criminal defendant's "right to due process of law was satisfied" where prosecutors decided to move for *nolle prosequi* pre-trial).

Count III is barred by the *Heck* doctrine and dismissed without prejudice.

IV. **Counts IV–VI and *Monell* Claim**

Much like Patrick's Second Amended Complaint, the TAC repleads certain derivative claims that do not form an independent basis for liability under § 1983. *See* Dkt. 184 at 16; *see also Smith v. Gomez*, 550 F.3d 613, 617–18 (7th Cir. 2008) ("We note at the outset that conspiracy is not an independent basis of liability in § 1983 actions."); *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation[.]") (quoting *Harper v. Albert*, 400 F.3d 1052, 1064

(7th Cir. 2005)); *Word v. City of Chicago*, 946 F.3d 391, 395 (7th Cir. 2020) ("It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights.") (quoting *King v. East St. Louis School Dist*. 189, 496 F.3d 812, 817 (7th Cir. 2007)); *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 513–14 (7th Cir. 1999) (supervisor liability); see, e.g., *Edwards v. Joliff-Blake*, No. 13 C 4558, 2017 WL 1134473, at *10 (N.D. Ill. Mar. 27, 2017) (supervisor liability).

The parties do not dispute that Counts IV (conspiracy), V (supervisor liability), and VI (failure to intervene) are derivative claims that rise and fall with the underlying allegations of constitutional violations of Counts I-III. *See* Motion to Dismiss at 24, Resp. at 21-22. As discussed above, Patrick's constitutional claims in Counts I-III are dismissed, and thus his derivative claims in Counts IV, V, and VI also fail.

The *Monell* claims in these counts are dismissed for the additional reason that they do not meet the liberal pleading standard set out in *Iqbal*. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). The allegations Patrick points to in support of a *Monell* claim are largely legal conclusions not entitled to the presumption of truth that "contribute nothing to the plausibility analysis under *Twombly/Iqbal*." *McCauley*, 671 F.3d at 618. In order to state a plausible *Monell* claim, the factual allegations in the TAC must allow the Court to draw a reasonable inference that the City established a policy or practice of allowing officers to conduct the type of misconduct that Plaintiff alleges was conducted in his case. To do so, a plaintiff must plead more than isolated incidents of allegedly unconstitutional conduct. A plaintiff need not provide examples of "every other or even one other individual" who suffered as a result of the unwritten practice, *see White v. City of Chicago*, 829 F.3d 837, 843–44 (7th Cir. 2016), he must "plausibly allege that such

examples exist." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). The TAC is devoid of factual allegations that would allow this Court to draw a reasonable inference that the City had a widespread unwritten policy or custom. For instance, other than his factual allegations of his own experience, Patrick merely alleges that the misconduct was undertaken "pursuant to the City's policy and practice" but only conclusory alleges that those "de facto" policies existed. *See, e.g.,* TAC ¶¶ 60-62. His *Monell* claim that there was a failure to train is also inadequately pled. Failure to train or control cases require a plaintiff to plead facts to plausibly suggest a "direct causal link" between a purported policy and the alleged constitutional deprivation. See *Arlotta v. Bradley Ctr.,* 349 F.3d 517, 522 (7th Cir. 2003) ("The policy or custom must be the 'moving force' behind the alleged constitutional deprivation." (citing *Gable v. City of Chi.,* 296 F.3d 531, 537 (7th Cir. 2002))). While Patrick makes conclusory allegations that the misconduct he alleges was undertaken pursuant to policy, he offers no facts to move his allegations from possible to plausible. *Compare Gallagher v. O'Connor*, 664 F. App'x 565 (7th Cir. 2016) (rejecting failure-to-train *Monell* allegations where complaint "trace[d] the legal requirements of a *Monell* claim) *with Flores v. City of S. Bend*, 997 F.3d 725 (7th Cir. May 12, 2021) (failure-to-train claim plausibly pled where plaintiff pointed to specific instances of known recklessness by officers and the City's actual knowledge of the same). Patrick is correct that there is no heightened pleading standard for *Monell* claims, but his claims in the TAC do not even meet the more liberal standard of *Iqbal*. Therefore, any *Monell* claim set forth in these Counts (in addition to being dismissed for lacking an underlying constitutional violation) is dismissed for the additional reason that Patrick fails to plead a plausible claim for relief.

V.  **Count VII: Illinois Malicious Prosecution**

Plaintiff also repleads his claim for malicious prosecution under Illinois law. To state a malicious prosecution claim, a plaintiff must show "(1) the commencement or continuation of an original criminal or civil proceeding by the defendants; (2) termination of the proceeding in his favor; (3) the absence of probable cause; (4) the presence of malice on the defendants' part; and (5) damages." *Swearnigen–El v. Cook County Sheriff's Dept.,* 602 F.3d 852, 863 (7th Cir. 2010). It is well established that the existence of probable cause forms a complete defense to a malicious prosecution claim. *Logan v. Caterpillar,* 246 F.3d 912, 926 (7th Cir. 2001). Further, "[u]nder Illinois law, a grand jury indictment is *prima facie* evidence of probable cause." *Swearnigen–El,* 602 F.3d at 863.

Illinois law "requires that the plaintiff prove that the underlying criminal proceedings terminated in a manner indicative of the innocence of the accused, a higher standard than Heck's favorable termination accrual rule." *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (1996) ("[A] malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused.")) Plaintiff argues that his malicious prosecution claim evades *Heck* because it is premised only on conduct related to charges other than the charge for which he pled guilty. The Court is not so persuaded.

Plaintiff insists that the plea colloquy in his underlying criminal case should not be considered at this stage, and that Defendants' argument that Plaintiff pled guilty in exchange for a finding of *nolle prosequi* on other charges cannot be assumed true at this stage. Plaintiff himself, however, has put facts into the TAC and his briefing that support a connection between his guilty plea and the other charges. Plaintiff alleges that he was "detained for over five years trying to

expedite a trial" (TAC ¶43); that "on the eve of trial, Plaintiff was presented with a plea deal in which he could plead guilty to one count of aggravated discharge of a weapon *and walk away with no more jail time*" (TAC ¶48) (emphasis added), and Plaintiff "felt he had no other choice but to accept a plea deal in which he could guarantee no more jail time" (TAC ¶50). In his response to this Motion, Plaintiff states that "he absolutely does not attack the validity of his conviction for unlawful discharge of a weapon, and that he complains *of the continued detention* and due process violations that resulted from Defendant Officers pursuing other charges for which there was no probable cause, namely multiple counts of attempted murder." (Resp. at 14) (emphasis added). Therefore, on the face of the complaint and in representations in his briefing, Plaintiff does implicate *Heck* by challenging the detention period considered time served for the unlawful discharge of a weapon. Plaintiff's claim for malicious prosecution has thus not yet accrued and is dismissed without prejudice.

To be clear, even if Plaintiff were correct and *Heck* were not implicated by his own pleadings and statements to the Court, his malicious prosecution claim would still fail as it is barred by the statute of limitations. The Court takes judicial notice that the charges against Patrick were nolle prosequi on October 31, 2018. *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir.1994) (A court may take judicial notice of matters of public record.) Patrick then had one year to bring his Illinois state law claim of malicious prosecution – that is, until October 31, 2019. 745 ILCS 10/8–101. His claim for malicious prosecution was pled for the first time in his Second Amended Complaint in March 2020, many months late. (Dkt. 120).

Plaintiff's argument that his late-filed malicious prosecution claim brought under state law relates back to his timely Section 1983 claims is also unavailing. Rule 15(c)(1)(B) permits relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction,

or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c)(1)(A) permits an amendment to relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back[.]" Fed. R. Civ. P. 15(c)(1)(A). "Under Illinois law, relation back is allowed only when two requirements are met: (1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading." *Henderson v. Bolanda*, 253 F.3d 928, 932–33 (7th Cir. 2001) (citing 735 ILCS 5/2-616(b) and *Digby v. Chicago Park Dist.*, 608 N.E.2d 116, 118 (Ill. 1992)).

Under either Rule, Plaintiff's claim fails. The original Complaint (Dkt.1) describes the facts underpinning Plaintiff's unlawful search and seizure claim and claim for his warrantless arrest. *Id.* at 20-21. A malicious prosecution claim includes entirely new allegations—that Defendants continued to fabricate evidence, bring unwarranted and unsupported charges, and make false statements. (TAC ¶¶ 79-80). These types of allegations are wholly absent from the original Complaint and First Amended Complaint. (Dkt. 1, Dkt. 15).

Count VII is barred by *Heck* and dismissed without prejudice.

## VI. Count VIII, IX, X: Illinois Conspiracy, Superior Liability, Intentional Infliction of Emotional Distress

Counts VIII, IX and X are state law claims first pled by Patrick in the Second Amended Complaint filed March 6, 2020. Dkt. 120. These counts were previously dismissed without prejudice. Dkt. 184 at 18-20 (finding IIED claim barred by *Heck* and Illinois conspiracy and superior liability claims derivative of dismissed claims). Plaintiff, as above, argues that his claims

are not related to his conviction and so *Heck* does not apply. As discussed above, Plaintiff's claims of constitutional violations are barred by *Heck*. Therefore, these derivative claims are dismissed.

Even if *Heck* did not bar these claims, a one-year period applies to state-law claims that are joined with a § 1983 claim. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Defendants argue that Counts VII (Illinois conspiracy), IX (Illinois superior liability) and X (Illinois Intentional Infliction of Emotion Distress) – pled for the first time in Patrick's Second Amended Complaint on March 6, 2020, and subsequently dismissed– should each be dismissed as time barred.

Statute of limitations is an affirmative defense that plaintiffs "need not anticipate" in their complaints, a plaintiff may still plead himself out of court by alleging facts sufficient to establish a statute-of-limitations defense. *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissing where it was "clear from the face of the amended complaint that it [was] hopelessly time-barred"). Plaintiff argues that because the TAC does not plead facts that prove the claims are time barred, it cannot be decided on a motion to dismiss.

The Seventh Circuit has recognized that a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues, for limitations purposes under Illinois law, on the date of the arrest. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013). Plaintiff pleads in the TAC that he was arrested on June 15, 2013. (TAC at ¶ 10). Therefore, to file a timely claim for intentional infliction of emotional distress under Illinois law, Plaintiff needed to file by June 15, 2014. But as of June 15, 2014, Plaintiff had not even filed his original complaint (and these claims were brought for the first time in 2020). *Bridewell* rejected Plaintiff's argument: "the idea

that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law—or in federal law, either." *Bridewell*, 730 F.3d at 678. Count X is dismissed.

Even under Plaintiff's interpretation of the law that permits accrual of his state law claims at the time his detention ceased (contrary to *Bridewell*), this argument does not save his claims for two reasons. First, his detention ceased as a direct result of his guilty plea. Under this line of reasoning, the *Heck* doctrine comes into play and Plaintiff's claim has not yet accrued, because his conviction has not been overturned. Second, Patrick pled guilty to one count of aggravated discharge of a weapon on October 31, 2018. (Dkt. 88 at 1; Dkt. 120 ¶ 51; Dkt. 184 at 14). Therefore, his state law claims accrued on October 31, 2019. The state law claims were not added into the Second Amended Complaint until March 6, 2020—missing the one-year period to bring those claims by more than four months. For the same reasons given for dismissal of Plaintiff's malicious prosecution claim brought under Illinois law, these claims do not relate back to Plaintiff's timely filed § 1983 claims under either Rule 15(c)(1)(A) or Rule (c)(1)(B) because they do not bear a sufficiently close relationship to the allegations in either the Complaint or First Amended Complaint.

Counts VIII, IX, and X are dismissed.

### VII. Count XI: Illinois Indemnification

Patrick asserts a state law indemnification claim seeking payment from the City for judgment against its employees pursuant to 735 ILCS 10/9-102. *See generally* TAC at ¶¶ 96-98. Patrick has failed to state a claim on any of his substantive causes of action, *see infra*, and thus his derivative cause of action for indemnification under Illinois law cannot proceed. *See Patrick v.*

*Mathews*, No. 16-cv-10118, 2017 WL 1739935, at *4 (N.D. Ill. May 7, 2017) (indemnification rises and falls with underlying § 1983 claim).

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Patrick's Third Amended Complaint is granted. The Court notes that Patrick has accumulated more than three "strikes" within the meaning of 28 U.S.C. § 1915(g). (Although Patrick did not have three strikes at the time of the filing of this suit, he accrued five strikes a few weeks later.) Therefore, if Patrick seeks to file or appeal any future civil action while he is a prisoner, he will no longer be eligible to pay a filing fee in installments using the in forma pauperis provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Patrick cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. Patrick must also alert a federal court that he has been assessed three strikes under § 1915(g) when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

_____
Virginia M. Kendall
United States District Judge

Date: February 14, 2022