**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEROY PATRICK, | ) | |
| *Plaintiff,* | ) | Case No. 14 C 5414 |
| v. | ) | Chief Judge Virginia M. Kendall |
| KEITH T. FUELLING, et al., | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants, Jeremy Skorski, Vidal Vasquez, Kevin White, Michael O'Connor, Keith Fueling, and the City of Chicago, move for reconsideration under Federal Rule of Civil Procedure 54(b) of the Court's Order denying their Motion to Amend their Answer. (Dkt. 357). For the reasons below, the Court denies Defendants' Motion for Reconsideration. (*Id.*) Defendants also move to hold summary judgment briefing in abeyance pending this Order. (*Id.*) The Court grants that request in part. Plaintiff Anthony Patrick shall file any exhibits within 7 days of this Order. (*See* Dkts. 347-349) (no exhibits submitted). Defendants shall file any Reply within 21 days of this Order. The Court will entertain no further extensions.

**BACKGROUND**

Well over a decade ago Patrick filed this lawsuit alleging that the Defendants violated his Constitutional rights after an alleged shooting, arrest, and search of Patrick's home where firearms were discovered and seized. (Dkt. 1). On November 4, 2014, Patrick alleged in his Amended Complaint that "I could not destroy the gun and no one in my house was in danger, so, there existed no exigent circumstances which would have allowed the police to circumvent the warrant process."

(Dkt. 15 at 26); (Dkt. 99, ¶ 14). Critically, Defendants Michael O'Connor, Kevin White, and the City of Chicago were not yet parties and so they did not participate in this Answer. (*See* Dkts. 99, 297). As relevant here, "Defendants Fuelling and Sikorski den[ied] the remaining allegations contained in this paragraph because [Plaintiff] set forth the sequence of events inaccurately, or the allegations constitute a legal conclusion and contain a vague, incomplete, and/or inaccurate statement of law. Defendants Vasquez, Gordon, Martin and Galiardo lack[ed] sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph as to the allegations." (Dkt. 99, ¶ 14). Defendants raised no express affirmative defense based on exigent circumstances. (*Id.* at 6-9). Over the next 5 years, 7 months, and 16 days of the case, that remained Defendants' position.

On October 29, 2024, Defendants changed their litigation strategy. In his Fourth Amended Complaint, Patrick alleged that "[t]here were no exigent circumstances that would constitute an emergency in the home." (Dkt. 268, ¶ 22). Switching gears, Defendants—now including Defendants Michael O'Connor, Kevin White, and the City of Chicago—admitted this allegation in full without qualification: "Defendants admit the allegations in this paragraph." (Dkt. 297, ¶ 22). They also withdrew six affirmative defenses but still raised no affirmative defense of exigent circumstances. (*Id.* at 12-13).

About a year later, on September 10, 2025, Defendants orally moved to amend their Answer: "Your Honor, last issue, defendant[s] would seek leave to amend their answer just to add collateral estoppel affirmative defense." (Dkt. 322, Tr. 4:13-15). Over no objection, the Court granted that motion. (*Id.*, Tr. 4:16-20). On September 24, 2025, Defendants amended their Answer. (Dkt. 324). They maintained their position admitting that there were no exigent circumstances. (*Id.*, ¶ 22) (Allegation: "There were no exigent circumstances that would constitute an emergency

in the home." Answer: "Defendants admit the allegations in this paragraph."). Defendants added the affirmative defense that "Plaintiff's claim is barred by the doctrine of collateral estoppel." (*Id.* at 12-13). Defendants based this new affirmative defense on Patrick's criminal proceeding where they noted that "the Court found . . . that there were exigent circumstances for the Plaintiff to be placed under arrest[.]" (*Id.* at 13). Defendants did not raise an affirmative defense expressly on exigent circumstances, however. (*Id.*)

Half a year later, Defendants filed their motion for summary judgment on March 18, 2026. (Dkt. 331). In their motion, they repeatedly asserted the position that "the search and seizure was reasonable as Defendant Officers were acting under exigent circumstances of a response to a shooting[.]" (Dkt. 334 at 4); (*see also id.* at 6-9, 14); (Dkt. 333, ¶ 52) ("the court found that there were exigent circumstances for Plaintiff to be placed under arrest").

About one week after filing their motion for summary judgment, but before Patrick responded, Defendants filed a Motion to Amend their Answer. (Dkt. 336). They sought to switch their admission to a denial. (*Id.*) Defendants stated that "upon further review, counsel for Defendants realized that there was a scrivener's error for one of Defendants' answers to Plaintiff's FAC." (*Id.*, ¶ 4). "Specifically, Defendants" assert that they "mistakenly admitted to ¶ 22 of Plaintiff's FAC that alleges 'There was no exigent circumstances that would constitute an emergency in the home.'" (*Id.*, ¶ 5) (quoting Dkts. 297, 324). Defendants asked the Court for leave to amend their answer to state the exact opposition position: that "Defendants deny the allegations in this paragraph." (Dkt. 336-1, ¶ 22). Defendants provided no factual or legal support for their position other than noting that it was a "scrivener's error." (*Id.*); (*see also* Dkt. 336).

Given that Defendants sought to amend their Answer after discovery had closed, after they had filed their motion for summary judgment, and after the case had been pending for 11 years, 8

months, and 10 days, the Court ordered a motion hearing on Defendants' Motion to Amend and held oral argument on March 31, 2026. (Dkts. 339, 340). Patrick argued that the Court should deny the Motion because Defendants failed to show good cause for their untimeliness. (Dkt. 355, Tr. 2:18-3:5). He further argued that this was no "scrivener's error" but a substantial legal change "flipping one allegation from an 'admit' to a 'deny.'" (*Id.*, Tr. 3:6-5:4). Defendants conceded that they made a "mistake" and "should have caught this [at] an earlier time." (*Id.*, Tr. 5:8-21). They nevertheless contended that "exigent circumstances is an argument that [they] have made since [their] motion to dismiss" Patrick's "third amended complaint." (*Id.*, Tr. 5:8-12). Related to discovery, the Court inquired if the officers were asked whether they believed there were exigent circumstances during depositions. (*Id.*, Tr. 5:22-24). Defendants responded that "there was never a question that was asked about exigent circumstances" during depositions; it was asked in interrogatories "but it was never fully investigated further." (*Id.*, Tr. 6:1-4). The Court ruled that Defendants' mistake was not a "scrivener's error" and that it was "too late in the game" for Defendants "to switch" their legal position. (*Id.*, Tr. 5:5-6); (*id.*, Tr. 6:14-15). The Court further noted that if Defendants had, for example, "mistakenly put it in the answer and then later it was fully discussed during discovery, we would be in a different position. But since [Patrick] didn't have a chance to explore it during discovery," Defendants cannot "use it now." (*Id.*, Tr. 6:16-20). Defendants raised one more issue, noting that, "[b]ecause [they were] not bringing the exigent circumstances" argument anymore, Defendants asked if the Court "would . . . like for [the Defendants] to also amend" their motion for summary judgment to remove the exigent circumstances argument. (*Id.*, Tr. 6:23-7:17). The Court ruled that it would be "helpful" for Defendants to amend their motion for summary judgment to remove the exigent circumstances argument and ordered them to do so. (*Id.*)

Defendants filed their amended motion for summary judgment a few days later. (Dkts. 343-345). Defendants' amendments were insubstantial and, despite being ordered to remove any argument that there were exigent circumstances, Defendants failed to comply. (*Id.*) For example, Defendants split hairs by asserting that they acted under exigent circumstances but that they were not arguing that there were exigent circumstances: "Like *Martinez*, Defendants entered Plaintiff's property and seized his firearms under exigent circumstances as a result of responding to a call about a shooting. Although Defendants do not argue they personally had exigent circumstances, the criminal court found that exigent circumstances existed." (Dkt. 345 at 7). On June 2, 2026, two months after filing their amended motion for summary judgment, and one month after Patrick responded to Defendants' motion for summary judgment (Dkts. 347-349), Defendants moved for reconsideration of the Court's March 31, 2026, Order denying their Motion to Amend their Answer. (Dkt. 357).

## <u>LEGAL STANDARD</u>

"'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024) (quoting *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)). A "manifest error[] of law or fact . . . is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 642 (7th Cir. 2023) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## <u>DISCUSSION</u>

Defendants assert six arguments. They first contend that they have asserted exigent circumstances "throughout this litigation" and so "justice requires that leave to amend the answer be given." (Dkt. 357 at 7-9).[1] They next claim that they have not failed "to take advantage of several opportunities to amend." (*Id.* at 9). Their third position is that allowing them to amend their Answer would "not cause undue delay and would not prejudice Plaintiff." (*Id.* at 9-13). Fourth, they contend that their request to amend their Answer "was not requested in bad faith or to cause delay." (*Id.* at 13). Defendants also assert that their amendment of the Answer "would not be futile." (*Id.* at 13-14). Defendants sixth and final position is again that "amendment of the Answer would not cause prejudice to the Plaintiff." (*Id.* at 14).

Patrick responds that Defendants have "*twice* made a judicial admission that no exigent circumstances existed which would justify their warrantless entry into" his "home." (Dkt. 360 at 1) (citing Dkt. 297, ¶ 22; Dkt. 394, ¶ 22). He argues that Defendants' "admission was an error, to be sure; but it was a litigation and strategic error (made several times over)"—not "a mere 'scrivener's error.'" (*Id.*) (citing Dkt. 336, ¶ 4). He further argues that the Defendants have presented "no newly discovered evidence" and have "identified no errors attributable to this Court." (*Id.* at 2-5). Defendants' only contention how the Court made an error was due to its mistaken believe that "the answer at issue was not addressed during discovery," Patrick notes. (*Id.* at 4) (quotes omitted). Patrick further argues that a "motion to reconsider is not a proper venue to register disagreement with the Court's decision or to make arguments that should or could have been made in prior briefing." (*Id.*) Patrick points out that the Defendants fail to show how the Court made an error, explaining that the Defendants "identified (1) no misunderstanding or misapprehension by the Court; (2) no decision outside the issues presented to the Court; or (3) no

[1] The Court has changed all quotations to standard sentence case without noting "capitalization removed" unless otherwise noted.

significant changes in the law or of facts since the submission of the issue to the Court." (*Id.*) Thus, "[i]f a mistake was made, it was not by the Court[.]" (*Id.*) Patrick concludes that "justice" does not warrant reconsideration because granting Defendants' motion would "absolve them of the following litigation tactics: (1) a judicial admission; (2) a judicial admission in an amended Answer; (3) a motion for leave to amend which makes no mention of the required factors; and (4) describing, in open court, the litigation history of this case." (*Id.* at 5).

"[A]n answer to a complaint" is a "pleading." Fed. R. Civ. P. 7(a)(2). "An order denying a motion to amend a pleading is not immediately appealable." *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 248 (7th Cir. 1992). Nor is it "considered a final judgment within the meaning of section 1291, title 28 of the United States Code." *Id.*; *see also Garvin v. Wheeler*, 304 F.3d 628, 633 (7th Cir. 2002). It is therefore an interlocutory order reviewed under the Court's inherent authority under Federal Rule of Civil Procedure 54(b). *Id.* at 246-249; *Bedford v. DeWitt*, 695 F. Supp. 3d 998, 1001 (N.D. Ill. 2023), *aff'd*, 2026 WL 2210099 (7th Cir. July 31, 2026) (Kendall, J.). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Nonetheless, motions to reconsider are governed by largely the same standards as motions under Rule 59(e) and should be granted only in rare circumstances, with the moving party bearing a heavy burden." *Bedford*, 695 F. Supp. 3d at 1001 (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954-55 (7th Cir. 2013)); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).[2]

[2] *Accord Chaitoff v. Ocwen Loan Servicing LLC*, 2025 WL 1638444, at *3 (N.D. Ill. June 9, 2025) (Kendall, J.) ("reconsideration under Federal Rule of Civil Procedure 54(b) [is] governed by largely the same standards as motions under Rule 59(e)") (quotes omitted); *see also U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 2019 WL 13470925, at *2 n.1 (N.D. Ill. Aug. 7, 2019) (same); *Starr Indem. & Liab. Co. v. YRC, Inc.*, 2018 WL 905523, at *2

A motion for reconsideration can therefore "be granted only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (quoting *Cincinnati Life*, 722 F.3d at 954); *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

Defendants identify no basis for reconsideration. (Dkt. 357). Defendants offer no newly discovered evidence. *Barrington Music*, 924 F.3d at 968. They assert no change in law. *Waunakee*, 906 F.2d at 1191. They instead present the arguments that they should have raised in their Motion to Amend. (*Compare* Dkt. 336 *with* Dkt. 357). This is improper. Motions for reconsideration are "'not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier.'" *Miller*, 683 F.3d at 813 (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Defendants' primary argument is that if the Court were to permit them to amend their Answer now, that Patrick would suffer no prejudice. (Dkt. 357 at *passim*). Whether true or false is irrelevant to whether the Court made a clear and "manifest error of law or fact" when it denied Defendants' Motion to Amend. *Miller*, 683 F.3d at 813; *Barrington Music*, 924 F.3d at 968.

---

(N.D. Ill. Feb. 15, 2018) (same). Indeed, the standards for reconsideration under Rule 59(e) and Rule 60(b) are also quite similar. *See, e.g.*, *Tillman v. Burge*, 813 F. Supp. 2d 946, 983 (N.D. Ill. 2011) (discussing both Rules and noting that "the standards are similar"). Some courts go so far as to treat them the same. *See, e.g.*, *Shaw v. Stokes*, 2025 WL 2260121, at *2 (N.D. Ind. July 22, 2025), *rep. & rec. adopted*, 2025 WL 2255771 (N.D. Ind. Aug. 7, 2025) ("Whether the motion is filed under Rule 59(e) or Rule 60(b), the standard remains the same.") (collecting cases). This Court does not. While analyses under Rule 60(b) and decisions on motions to reconsider generally remain informative, the Court is mindful that "Rule 59(e) generally requires a lower threshold of proof than does 60(b)[.]" *Helm v. Resol. Tr. Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995). Thus, "Rules 59(e) and 60(b) provide for different motions directed to similar ends" because they have different timing requirements (*id.*) as well as different substantive requirements. *See, e.g.*, *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 496 (7th Cir. 2011) ("An error of law is a basis for altering or amending the judgment under Rule 59(e), but it is not explicitly recognized as a basis for relief under Rule 60(b)."). Nevertheless, motions for reconsideration have also been treated less as strict procedural rules, but more of weapons of flexible equity to correct wrongs that may have arisen through no fault of the litigant who, without the means for reconsideration, would be left "remediless." *See, e.g.*, *Waunakee*, 906 F.2d at 1191 (quoting *Belmont v. Erie Ry.*, 52 Barb. 637, 641 (N.Y. App. Div. 1869) (Cardozo, J.)).

Defendants also seek to reframe the Court's Order denying their Motion to Amend as narrow and isolated, asserting that the lone "reason" the Court found that the "motion to amend should be denied was because the Plaintiff 'didn't have a chance to explore it during discovery.'" (Dkt. 357 at 5) (quoting Dkt. 340). The Court's ruling was not so narrow. *Supra* at 3-4. The Court denied Defendants' Motion to Amend for several reasons. The first was because Defendants wholly failed to support their Motion with fact or law. *Id.*; (Dkt. 336). Indeed, Defendants presented no argument whatsoever. (*Id.*) They instead admitted that they made a mistake, labeled that mistake a "scrivener's error," and filed a conclusory one-and-a-half-page Motion wholly lacking support. (*Id.*) The Court gave Defendants an opportunity to argue their Motion—to present facts, law, and additional support. *See supra* at 3-4. That yielded nothing. *Id.* At any rate, Defendants admit that their argument was unsupported as they concede that they "did not go in depth" during oral argument. (Dkt. 357 at 4).

The Court also ruled that Defendants' change of legal position—switching a denial to an admission—was not a "scrivener's error." (Dkt. 355, Tr. 5:5-6). A scrivener's or clerical error is an "error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination." Black's Law Dictionary, 659 (10th ed. 2014); *United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (same definition); *Christ Universal Mission Church v. City of Chicago*, 362 F.3d 423, 428 (7th Cir. 2004) (same definition). Courts "recognize a mistake as a scrivener's error if it is 'one of transcription,' not of 'legal knowledge or analysis.'" *Sinha v. Bradley Univ.*, 995 F.3d 568, 576 (7th Cir. 2021) (quoting *Gibson*, 356 F.3d at 766 n.3). There is nothing inadvertent about Defendants switching a core legal theory, maintaining that theory for nearly a year-and-a-half—including through two pleading amendments and summary judgment—only to

belatedly seek leave to overhaul that legal theory to fix deficiencies in their motion for summary judgment. *Sinha*, 995 F.3d at 576; *Gibson*, 356 F.3d at 766 n.3; *supra* at 1-5.

The third basis for the Court's ruling was that Defendants' Motion to Amend—filed after the close of fact discovery, after Defendants filed their motion for summary judgment, and nearly 12 years into the case—was untimely. (Dkt. 355, Tr. 6:14-15). Amending a pleading after the close of discovery requires a showing of "good cause." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) ("Rule 16(b)(4) . . . provides that a party seeking to amend the pleadings after the expiration of the deadline in the scheduling order must show 'good cause' for the late amendment"). Despite being required to show good cause under Rule 16(b)(4) for seeking leave to file an incredibly late amendment to their Answer, Defendants then and now continue to rely on Rule 15(a)(2). (Dkt. 336, ¶ 8); (Dkt. 357 at 6-7). By relying on the wrong standard, Defendants failed to raise threshold arguments of why they have shown good cause for the amendment. *Id.* "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen*, 41 F.4th at 852-53; Fed. R. Civ. P. 6(b)(1) (providing that a district court may extend a missed deadline for "good cause" when a "party failed to act because of excusable neglect"). Far from showing diligence, Defendants' only argument for why they should be granted leave to amend their Answer was because they made a scrivener's error. (Dkt. 336, ¶¶ 4-5). Yet even that is wrong because their mistake was not a scrivener's error. *Supra* at 9-10; *Sinha*, 995 F.3d at 576; *Gibson*, 356 F.3d at 766 n.3. Despite all this stacked against them, Defendants presented little more than a shrug to the Court. (*See* Dkt. 336) (no argument, case law, or factual support). Defendants cannot belatedly rectify their scant initial offering with the arguments that they could—and should—have presented long ago. "Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion."

*Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606; *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 700 (7th Cir. 2024) ("'A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.'") (brackets omitted) (quoting *Cincinnati*, 722 F.3d at 956).

Finally, Defendants' argument about how the Court apparently made a mistake is unavailing. Defendants assert that "[t]his Court made an error of fact when it found that Plaintiff was deprived of exploring exigent circumstances in discovery[.]" (Dkt. 357 at 7). Defendants do not assert that this purported mistake was the product of any manifest error of law or "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Pucillo*, 66 F.4th at 642 (quotes omitted). Nor do they assert that the Court's apparent mistake was caused by a "change in the law or facts since the submission of the issue to the Court." *Waunakee*, 906 F.2d at 1191. Defendants instead assert that "[t]he Court was not provided with the correct factual record regarding Defendants' assertion of exigent circumstances" at the March 31, 2026, hearing. (Dkt. 357 at 7, 10); (Dkt. 361 at 2-3). Well who was the one providing the "factual record" to the Court? It was the Defendants. (Dkts. 336, 355). Defendants' position is nonsensical and circular. They cannot turn their own mistake into the Court's error. Indeed, "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, which is precisely" what the Defendants are attempting to do "in [their] motion here." *Harrington*, 433 F.3d at 546 (quotes omitted). Defendants' "motion is simply a plea for the district court to excuse [their] neglect in prosecuting [their] case; as such, the motion advances no grounds to support Rule 59(e) relief." *Id.*; *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than

just seeming endless."); *see also Young v. Cnty. of Cook*, 616 F. Supp. 2d 856, 858 (N.D. Ill. 2009) ("A motion for reconsideration is an opportunity to correct things the Court mistook or overlooked, not to correct deficiencies in a party's own presentation."); *Sullivan v. William A. Randolph, Inc.*, 2006 WL 200032, at *7 (N.D. Ill. Jan. 18, 2006) ("A motion for reconsideration is not a way for parties to undo all of the mistakes made during litigation."). Far from "misapprehend[ing] the factual record," the Court denied Defendants' Motion to Amend because it was unsupported (Dkt. 336), untimely (Dkt. 355), and driven—not by a scrivener's error—but Defendants' legal remorse after realizing they admitted there were no exigent circumstances. (Dkts. 99, 297, 324); *see supra* at 1-5. Having failed to show any error in fact or law, change in precedent, or discovery of new evidence, Defendants have failed to show why reconsideration is proper. *Barrington Music*, 924 F.3d at 968; *Miller*, 683 F.3d at 813. While all of Defendants' remaining positions could have and should have been raised in Defendants' Motion to Amend—and are thus irrelevant on reconsideration—the Court nevertheless addresses them. (Dkt. 357 at 9-15); *Barrington Music*, 924 F.3d at 968; *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020); *Oto*, 224 F.3d at 606.

Defendants claim that they have asserted the exigent circumstances position throughout this litigation and so reconsideration is proper. (Dkt. 357 at 7-9). Defendants misunderstand the impact of an Answer. "It is a 'well-settled rule that a party is bound by what it states in its pleadings.'" *Help At Home Inc. v. Med. Cap., L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001) (quoting *Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997)). "'Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them.'" *Id.* (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Indeed, "a concession in an answer is a binding judicial admission[.]" *Dyjak*

*v. Horstman*, 2024 WL 4947283, at *3 (7th Cir. Dec. 3, 2024) (citing *Tibbs v. Admin. Off. of the Ill. Courts.*, 860 F.3d 502, 508 n.1 (7th Cir. 2017)). It is therefore irrelevant if Defendants raised this position before in prior motions to dismiss or other filings. (*See* Dkt. 357 at 7-9). It is further irrelevant if a prior Court found that there was evidence of exigent circumstances and Defendants sought to introduce that evidence here. (*Id.*) "If the answer to a complaint . . . admits liability, the defendant cannot then deny liability on the ground that there is evidence that the admission was mistaken." *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). "A judicial admission trumps evidence." *Id.* (citing *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 333 (7th Cir. 1993)). What is more, Defendants White, O'Connor, and the City of Chicago have ***always*** held the legal position that there were no exigent circumstances. (*Compare* Dkt. 99 *with* Dkts. 297, 324); *see supra* at 1-2 (explaining how Defendants White, O'Connor, and the City of Chicago were not parties to the lawsuit when Defendants made their initial denial but instead have always admitted that there were no exigent circumstances (*see* Dkts. 99, 297, 324)).

Defendants claim that their affirmative defense of collateral estoppel—which mentions exigent circumstances—shows that this "context conflicts with the denial" and therefore "demonstrate[s] the error." (Dkt. 357 at 7). This fails for the reasons stated directly above. While Defendants may have asserted a collateral estoppel defense, they filed a binding judicial admission that there were no exigent circumstances. (Dkt. 324, ¶ 22). Merely having an affirmative defense that is undermined by that admission—or that conflicts with it—is irrelevant. "Civil litigants are entitled to take inconsistent positions within a single suit[.]" *Nalco Co. v. Chen*, 843 F.3d 670, 673 (7th Cir. 2016) (citing Fed. R. Civ. P. 8(d)(3) ("*Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.")).

Defendants contend that they never failed to take advantage of opportunities to amend their Answer. (Dkt. 357 at 9). Defendants conflate their delay and with their lack of diligence. The question is not whether Defendants eventually amended, but whether they promptly sought leave to amend. They claim that they "were not aware of, nor was their attention brought to, the error contained at paragraph 22 until they noticed it while drafting their Motion for Summary Judgment." (*Id.*) That's hardly credible. Defendants' October 29, 2024, Answer contained several substantive changes that demonstrate that Defendants were not merely copying and pasting their preexisting positions over. *Supra* at 2-3; (*compare* Dkt. 99 *with* Dkt. 297). Moreover, Defendants moved to amend their October 2024, Answer to specifically add an affirmative defense expressly noting exigent circumstances. *Id.*; (Dkt. 324 at 12-13). Yet even after this, Defendants took no action to correct their "mistake" for over half a year until after they filed their motion for summary judgment. (*See* Dkts. 324-336). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quotes omitted); *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) ("attorney error is not cause to excuse a procedural default. . . . Mistakes by counsel are imputed to the client under well-settled principles of agency law, so attorney error is not a factor external to the defense.") (quotes omitted).

Defendants assert that permitting them to amend their Answer now would not cause undue delay or prejudice Patrick. (Dkt. 357 at 9-13). This is baseless. Since October 2024, Patrick has been operating with the understanding that Defendants' legal position is that there were no exigent circumstances. (Dkt. 297). Whether fortuitous or deliberate, that Patrick may have received testimony, documents, or discovery related to exigent circumstances is insufficient. (*See* Dkt. 357 at 9-13); (Dkt. 355). It is unduly prejudicial for Defendants to overhaul their key legal theory after

closing discovery, filing summary judgment, and reviewing Patrick's response to their motion for summary judgment. *See Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of leave to amend where the request occurred six months after the close of discovery and after the defendants moved for summary judgment). Moreover, Defendants' Motion for Reconsideration is clearly an unabashed attempt to fix the mistakes in their motion for summary judgment; but just as a party may not seek leave to amend to avoid an adverse ruling on summary judgment, Defendants may not use it to fix their long-standing errors. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) ("Consistently, we have affirmed denials of a motion for leave to amend under circumstances similar to those presented here, specifically where a plaintiff has sought leave to amend after the defendant filed a successful motion for summary judgment.") (collecting cases); *Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993) ("There must be a point at which a [party] makes a commitment to the theory of its case."). Defendants' argument that their Motion to Amend would not be futile is irrelevant for the reasons explained above. *Supra* at 8-15; (Dkt. 357 at 13-14). Their argument that their Motion to Amend was not brought in bad faith is eviscerated by the fact that they violated the Court's March 31, 2026, Order requiring them to amend their motion for summary judgment to remove the exigent circumstances argument. (Dkt. 355, Tr. 7:1-10); (Dkt. 345 (still arguing exigent circumstances)); (Dkt. 357 at 13-14).

At bottom, relief on reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Emerson v. Dart*, 109 F.4th 936, 943-44 (7th Cir. 2024). Whether through mistake or deliberation, Defendants admitted that there were no exigent circumstances in their Answer. (Dkt. 324, ¶ 22). Their attempts to undo that binding judicial admission on a core legal theory were, at best, half-baked and wildly

untimely in this twelve-year-old case. *See supra* at 1-5; (Dkts. 336; 355). They presented no basis for reconsideration—but merely rehashed untimely irrelevant arguments. *Id.* at 1-15; (Dkts. 336; 355). Thus, while the "court has the power to revisit prior decisions of its own," today it adheres to the longstanding "rule" that it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quotes omitted).

## **CONCLUSION**

Defendants' Motion for Reconsideration is denied. (Dkt. 357). Plaintiff shall file any exhibits within 7 days of this Order. Defendants shall file any Reply within 21 days of this Order.

Virginia M. Kendall
United States District Judge

Date: August 13, 2026