**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEROY PATRICK, | ) | Case No. 2014 C 5414 |
| | ) | |
| Plaintiff, | ) | Judge: Virginia M. Kendall |
| | ) | |
| v. | ) | Magistrate Judge: Young B. Kim |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56.1(b)(2)**
**STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), Defendants City of Chicago ("Defendant City") and Keith Fuelling, Jeremy Sikorski, Kevin White, Michael O'Connor, and Vidal Vasquez (collectively "Defendants") by and through one of their attorneys, Elizabeth R. Glover, Assistant Corporation Counsel, for their response to Plaintiff's Statement of Facts in Opposition to Defendants' Motion for Summary Judgment, states as follows:

**PLAINTIFFS STATEMENT OF FACTS[1]**

1. Plaintiff was first attacked by Armand Freeman and others around mid-morning on June 15, 2013. (Defs. Ex. C, 8:14-16, 25:4-6).

**RESPONSE: Defendants object to this paragraph on the grounds that the cited evidence does not support the fact contained as stated in this paragraph and is an incomplete statement of witness testimony, and thus, is not compliant with LR 56.1(d)(2). Defendants object further on the grounds that the term "attacked" is vague and because this paragraph because it does not set forth a "material" fact requiring the denial of Defendants' motion for summary judgment and should therefore be stricken. Subject to and without waiving these objections, Defendants admit that Plaintiff claims that Mr. Freeman and others attacked him first. Defendants deny that**

[1] To the extent any fact is not disputed, Defendants do not dispute these facts only for the purpose of their motion for summary judgment and with the recognition that at this stage the Court will read the facts in the light most favorable to the Plaintiff as the nonmovant. Defendants reserve the right to contest said facts at trial.

**this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

2. The consent to search form, purportedly signed by Fairlee Patrick, was signed at approximately 3:40 P.M., after the search. (Defs.' Ex. O; Defs.' Ex. C, 39:1-4; Ex. I, FCRL_003577:2-7)

**RESPONSE: Undisputed; however, Defendants dispute any implied relevance as to the time of the signing. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

3. Defendants did not obtain an arrest warrant for Patrick at any time on or prior to June 15, 2013, relating to the shooting incident on June 15, 2013. (Defs.' Ex. B, ¶ 21; Defs.' Ex. D, 39:1-6; Defs.' Ex. F, 26:6-9; Defs.' Ex. G, 46:18-20)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

4. Defendants did not obtain a search warrant for Patrick at any time on or prior to June 15, 2013, relating to the shooting incident on June 15, 2013. (Defs' Ex. B, ¶ 21; Defs.' Ex. D, 40:6-16; Defs.' Ex. F, 26:22-24, 27:1-7; Ex. G, 48:11-20)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

5. There were no exigent circumstances that would constitute an emergency in Patrick's home. (Defs' Ex. B, ¶ 22).

**RESPONSE: Defendants object to this paragraph to the extent it is a legal conclusion which should not be included in the Statement of Facts under LR 56.1(d)(4) (see, e.g. Ex. I, FCRL_003677:22-24, FCRL_003678:1-5. See also, *Id.*, at FCRL_003675-78, wherein Circuit Court of Cook County Judge Neil Linehan makes a finding that exigent circumstances existed) and because "emergency in Patrick's home" is vague and ambiguous. Subject to and without waiving these objections and in accordance with the Court's order on Defendants' Motion to Reconsider (Docket No. 363), undisputed.**

6. Defendant officers entered Patrick's home then handcuffed him on the floor in the living room a foot and a half inside of the house. (Defs.' Ex. C, 36:2-8; Defs.' Ex. I, FCRL_003562:5-9, FCRL_003563:8-13, FCRL_003583:1-17, FCRL_003584:2-9)

**RESPONSE: Defendants object to "a foot and a half inside of the house" as it calls for speculation. Subject to and without waiving the foregoing objection, Defendants dispute this paragraph. This fact is compound and impossible to clearly parse into separate responses. For these reasons, it is disputed and objected to. Plaintiff's mother testified that Plaintiff was standing when he was cuffed. Defs.' Ex. I, FCRL_003583:22-**

**003584:1. Defendants further object that "a foot and a half inside the house" is not an undisputed fact, but a speculative response to which the declarant herself could not commit. *Id.* at FCRL_003584:2-9. Officer Fuelling testified that Plaintiff was placed in handcuffs at the outer perimeter of the doorway. Keith Fuelling's testimony, Defs.' Ex. D, at 24:16-20.**

7. At the time Defendant Officers—specifically Officers Fuelling and Sikorski—handcuffed Patrick, they threatened to "tear [Patrick's] mother's house apart" if Patrick did not give them his gun. (Defs.' Ex. C, 36:2-8, 37:1-14; Defs.' Ex. I, FCRL_003563:1-3. FCRL_003577:18-23)

**<u>RESPONSE:</u> Defendants object to this paragraph on the grounds that this fact is compound and impossible to clearly parse into separate responses. Subject to and without waiving the foregoing objection, Defendants dispute this paragraph. Cook County Circuit Court Judge Neil Linehan heard Plaintiff's testimony in this regard and still found cooperation. Ex. J, FCRL_003681:20-FCRL_003682:10. Moreover, Officer Sikorski testified that they did not want to go looking through his mother's house (Ex. D, at 31:11-16) and Officer Fuelling testified that he asked Plaintiff where his guns were (Ex. G, at 35:1-6).**

8. Plaintiff did not invite Defendant Officers to the basement. (Defs.' Ex. I, FCRL_003578:3-5)

**<u>RESPONSE:</u> Defendants object to this paragraph on the grounds that the cited evidence does not support the fact contained as stated in this paragraph and thus, is not compliant with LR 56.1(d)(2). Subject to and without waiving any objections, disputed. Plaintiff's citation does not support his statement that "Plaintiff did not *invite* Defendant Officers to the basement," and that Plaintiff's has mischaracterized his testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also, *Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006).**

**Specifically, the cited evidence states the following:**

> **Q. Did you invite the police officers downstairs to the basement?**
> **A. I was taken downstairs to the basement.**

**See Plaintiff's testimony, Defs.' Ex. I, FCRL_003578:3-5.**

9. Defendant Officers did not ask Plaintiff's permission to go downstairs. (Defs. Ex. I, FCRL_003578:17-22)

**<u>RESPONSE:</u> Defendants objects to this paragraph on the grounds that the cited evidence does not support the fact contained as stated in this paragraph and thus, is not compliant with LR 56.1(d)(2). Subject to and without waiving any objections, Defendants disputed. Plaintiff's citation does not support his statement and has mischaracterized his testimony.**

**See *Brown,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also, *Cady*, F. 3d 1057, 1060 (7th Cir. 2006).**

**Specifically, the cited evidence states the following:**

> **Q. Before taking you down to the basement, did the officers ask you for permission *to search the house*?**
> **A. Objection to relevance.**
> **Q. Overruled.**
> **A. No.**

**See Plaintiff's testimony, Defs. Ex. I, FCRL_003578:17-22 (emphasis added).**

10. Defendant Officers forced Plaintiff—handcuffed—downstairs, (Defs.' Ex. C, 40:17-24; Defs.' Ex. I, FCRL_003569:2-9, FCRL_003578:3-8)

**<u>RESPONSE:</u> Defendants object to the word "forced" being vague and ambiguous. Subject to and without waiving any objections, Defendants disputed. Plaintiff's citations do not support his statement that "Defendant Officers *forced* Plaintiff … downstairs," and that Plaintiff has mischaracterized his testimony. See *Brown,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also, *Cady*, F. 3d 1057, 1060 (7th Cir. 2006).**

**Specifically, the cited evidence states the following:**

> **Q. Going back to when you were handcuffed and told them the guns were downstairs, did you then go with the officers down to the basement?**
> **A. They led me to the basement.**
> **Q. I would imagine since you're handcuffed they would have sort of been holding an arm and escorting you to the basement; is that fair?**
> **A. Right.**

**See Plaintiff's deposition, Defs.' Ex. C, 40:17-24.**

> **Q. Did you go voluntarily or did the officers take you there?**
> **A. They took me downstairs.**
> **Q. Now, when you say they took you, Anthony, how was it that you believe they took you?**
> **A. They were holding me. I was handcuffed, and they were holding me and leading me to the basement.**

**See Plaintiff's testimony, Ex. I, FCRL_003569:2-9.**

> **Q. Did you invite the police officers downstairs to the basement?**
> **A. I was taken downstairs to the basement.**
> **Q. And where were your hands when you were taken downstairs to the basement?**

**A. Handcuffed behind my back.**

***Id.*, at FCRL_003578:3-8.**

11. In the basement, Plaintiff was surrounded by at least four uniformed officers. (Defs.' Ex. I, FCRL_003578:9-14)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

12. Plaintiff did not feel free to leave. (Defs.' Ex. I, FCRL_003565:1-6)

**RESPONSE: Undisputed that Plaintiff testified negatively to the question "And once you were surrounded by the police and they cuffed you, did you believe that you were free to leave?" Ex. I, FCRL_003565:1-3. Defendants dispute any other facts or inferences as unsupported by the citation to the record and deny that this fact creates a genuine issue of material fact that warrants denial of Defendants' Motion for Summary Judgment.**

13. Defendant Officers removed the handcuffs to permit Plaintiff to open the safe which contained the guns. (Defs. Ex. C, 42:2-12; Defs. Ex. I, FCRL_003626:12-19)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

14. The safe belonged to Plaintiff; his mother did not have the combination to the safe. (Defs. Ex. I, FCRL_003569:7-15; FCRL_003593:5-22)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

15. At the hearing on Plaintiff's Motion to Quash and Suppress Evidence, on April 26, 2017, the Court held then that exigent circumstances existed which permitted Patrick to be placed under arrest. (Defs.' Ex. I, FCRL_003677:22-24, FCRL_003678:1-5)

**RESPONSE: Undisputed. Defendants deny that this fact creates a genuine issue of material fact that requires denial of their motion for summary judgment.**

16. At the hearing, the Court stated "[t]he same reason why the police didn't have time to go back and get a warrant"—i.e., the exigent circumstances—"applies to this defendant also as to status as a probationer." (Defs.' Ex. J, FCRL_003681:5-8)

**RESPONSE: Defendants object to the interjection of "I.e., the exigent circumstances" as a misstatement of the evidence described above. Subject to and without waiving any**

**objections, Defendants dispute that Plaintiff's citations support this statement and that Plaintiff has mischaracterized the criminal court's ruling.**

**Specifically, the cited evidence states the following:**

> **The same reason why the police didn't have time to go back and get a warrant applies to this defendant also as to status as a probationer.**

**See, the context of that statement, Defs.' Ex. J, FCRL_003680:21-003681:8 (emphasis added):**

> **So at this point, again, for all the reasons why the police had to be there at the time they were there and why there's more than enough probable cause to make this arrest, and I'll include the exigent circumstances, and again, *I do want to be careful here, because there's been a tendency by the defense by the way these facts come out to commingle all these various constitutional issues. They're all separate,* but I just want to make that clear. The same reason why the police didn't have time to go back and get a warrant applies to this defendant also as to status as a probationer.**

Respectfully submitted,

*/s/ Elizabeth R. Glover*
Elizabeth R. Glover
Assistant Corporation Counsel

Marion C. Moore, Chief Assistant Corporation Counsel
Elizabeth R. Glover, Assistant Corporation Counsel
City of Chicago Department of Law
Special Federal Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-5127
Attorney No. 6345826
Elizabeth.Glover@cityofchicago.org
*Attorneys for the Defendants*